(Nos. 34261-34262 Cons.—

HARRY BERNIER, Appellant, *vs.* CARL D. SCHAEFER *et al.*, Appellees.

*Opinion filed May 23, 1957—Rehearing denied September 16, 1957.*

STEVENSON, CONAGHAN, VELDE and HACKBERT, WER-
NER W. SCHROEDER, and JAMES E. HASTINGS, all of Chi-
cago, (DOUGLAS F. STEVENSON, of counsel,) for appellant.

HARRY G. FINS, and NATHAN GLICK, both of Chicago,
for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

This case is here on leave to appeal from the Appellate
Court, which reversed an order of the circuit court of Cook
County refusing to vacate a prior decree and seizure order.

On June 8, 1955, Harry Bernier filed suit against Carl
D. Schaefer, asking specific performance of a certain con-
tract relating to an invention which the latter was develop-
ing. The defendant was personally served with a summons
three days later. On return day, July 5, 1955, the defend-
ant signed and filed an "appearance blank," but he filed no
motion, answer, or other pleading. The plaintiff mailed
the defendant (to the address given on the appearance) a
notice and motion for default. This was sent on July 26,
1955, and stated that a default would be requested on
July 29, 1955.

The defendant failed to appear on July 29, 1955, and the court entered a default decree. The decree ordered the defendant to deliver a model of the invention to the plaintiff. The defendant did not comply with the decree, so the plaintiff procured a writ of injunction which commanded the defendant to deliver the model to him. This writ of injunction was personally served upon the defendant on August 9, 1955. Still, the defendant did not comply, and on August 18, 1955, the court entered an order directing the sheriff to seize the model and deliver it to the plaintiff. This the sheriff did on August 20, 1955.

On September 6, 1955, the defendant, by an attorney, filed a petition to vacate the orders of July 29 and August 18. As a basis therefor, he asserted two grounds: (1) On the indicated return day of the original summons, he went to the office of the clerk of the circuit court and asked a deputy clerk what to do. The latter filled out an appearance blank, told him to sign it, and assured him that he did not have to do anything until the matter was called for trial. (2) He did not receive the notice which the plaintiff claims to have mailed on July 26 regarding his intention to seek a default decree.

Elaborating upon the foregoing, the defendant alleged that when he was served with the writ of injunction on August 9 he took no action because he relied on the statement of the deputy clerk. He said he had no notice of plaintiff's application to the court for the issuance of a special execution on August 18, and it was not until after the sheriff's seizure of the model on August 20 that he thought his rights were being prejudiced and he should consult an attorney. The defendant's petition also set up an alleged defense to the plaintiff's original cause of action.

On September 15, 1955, the plaintiff filed a motion to strike the defendant's petition. Attached to this were affidavits stating that the defendant was made aware of the need for him to employ an attorney and that he was given

notice and two separate opportunities to appear and object to the default. The defendant filed objections to this motion to strike, in the nature of a reply, together with counter-affidavits controverting the matters set forth in the plaintiff's affidavits.

Leave was given to a third party to intervene on September 20, 1955, but the allegations of his petition are not pertinent to the issues now before the court.

The court entered an order on January 9, 1956, denying the defendant's petition to vacate. On appeal to the Appellate Court, this order was reversed, the court being of the opinion that the alleged misinformation by the deputy clerk was sufficient to require vacation of the July 29 and August 18 orders. (11 Ill. App.2d 244.) The effect of the Appellate Court judgment was to grant the defendant's petition to vacate, and it is therefore a final, appealable judgment. (Ill. Rev. Stat. 1955, chap. 110, par. 72. Cf. *Cramer v. Illinois Commercial Men's Association*, 260 Ill. 516, 519, 520.) We granted the plaintiff's petition for leave to appeal.

The Appellate Court considered that the allegations of defendant's petititon were admitted by the plaintiff's motion to strike, and that proceedings in the trial court were based on such petition and motion to strike. Such is not clear from the record, however, since the trial court did not rule specifically on the motion to strike but appears to have passed on the sufficiency of the petition in the light of affidavits filed by the respective parties. As we view the matter, however, the order of the trial court was correct in either case. For, taking the allegations of the defendant's petition as established, we do not believe the trial court abused its discretion in refusing to vacate the orders.

The Appellate Court adequately disposed of certain minor contentions advanced by the defendant, and we confine our discussion to the two points upon which the court predicated its judgment of reversal.

*First,* the defendant complains that he did not have notice of the plaintiff's intention to seek a default. However, it is not denied that the plaintiff *sent* such a notice. And apart from this, there is the fact that the defendant was personally served with a summons, personally served with a writ of injunction, and even dispossessed of the invention model before he undertook any action relative to checking the progress of the suit. If the proper giving of the notice can now be frustrated by the mere allegation of the defendant that he did not receive it, then the giving of notice by mail cannot be relied upon even though the rules specify such a method. The defendant's argument that the affidavit of service is defective in not stating that the notice was placed "in an envelope" and in a "United States Post Office or post office box," and in failing to show the time and place of mailing, is not persuasive. The affidavit reads as follows: "Douglas F. Stevenson, being first duly sworn, on oath deposes and says that on the 26th day of July, 1955, he served the notice and the motion attached thereto on the Defendant, Carl D. Schaefer, by placing a copy of the same in the United States Mail, postage prepaid and addressed to Carl D. Schaefer, 2338 Belmont Avenue, Chicago, Illinois." This was certainly substantial compliance with Rule 7 of this court and rule 19 of the circuit court of Cook County. It was not necessary that the affiant state each detail of the process by which he sent the notice; *e.g.,* that he placed it in an envelope, sealed the envelope, etc. The hour is not stated, but even if the notice were sent at 11:59 P.M. on July 26 it would have been sent more than 48 hours prior to the hearing. And while the place of mailing is specified in rule 19 of the circuit court and is not stated in the affidavit, it is not indicated that the defendant was prejudiced thereby. The affidavit shows that the notice was mailed to the defendant at his proper address, and the defendant does not dispute this averment.

*Second,* the defendant seeks to excuse his inaction because of alleged representations of the deputy clerk. We have found no decision supporting any right to vacate a judgment after 30 days on the asserted ground. In *Higgins* v. *Bullock,* 73 Ill. 205, a party served with summons failed to appear and defend because he claimed he was misled by the sheriff. It was held that if the defendant placed reliance on statements of the sheriff he did so at his peril. Similarly, no regular or official duty of the clerk was involved here; it is no part of a deputy clerk's task to give litigants legal advice.

Even if we were to feel that the defendant's initial failure to challenge the default decree should be excused on this ground, we are faced with the fact that the writ of injunction was served on him and he still did nothing about it. Indeed, he made no move to set aside the default until several days after the actual seizure of the model. There is no contention that the plaintiff or his attorneys prevented him from making a defense, through fraud or otherwise.

While this court is desirous that everyone be given his day in court, we must, so far as reasonable, protect the stability of judgments. The record discloses that the defendant was given ample opportunity to defend, but persisted in a course of conduct which reasonably led the plaintiff and the court to believe he did not wish to contest the suit. He does not have, under the circumstances, a right to have the cause reopened; and the trial court did not err in denying his petition.

For the reasons stated, the judgment of the Appellate Court is reversed, and the order of the circuit court affirmed.

*Appellate Court reversed; circuit court affirmed.*