The Reuben H. Donnelley Corporation, Plaintiff-Appellant, *v.* John L. Davis, Individually and d/b/a Ebony Disposal, Defendant-Appellee.

(No. 58335;

First District (2nd Division)—December 4, 1973.

Chatz, Sugarman & Abrams, of Chicago (Eugene Lichtenstein and Joel A. Haber, of counsel), for appellant.

No appearance for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

■■ This is an appeal from an order of the Circuit Court granting defendant's motion, pursuant to § 72 of the Civil Practice Act,* to vacate a default judgment. Although defendant has failed to file a brief, this court will proceed to a consideration of the merits of this appeal, rather than enter a summary reversal. (*Daley v. Jack's Tivoli Liquor Lounge,*

---

* Ill. Rev. Stat. 1971, ch. 110, par. 72.

*Inc.,* 118 Ill.App.2d 264, 254 N.E.2d 814.) The issue presented for review is whether the trial court abused its discretion in vacating the judgment.

Plaintiff brought an action for breach of contract to recover the unpaid balance due for advertising placed in the 1970 Chicago telephone directory, "Yellow Pages." Defendant was personally served and filed an appearance, but failed to answer, and a judgment by default in the amount of $1,905.00 was entered for plaintiff on June 3, 1971.

On June 11, 1971, a writ of execution was issued and was subsequently returned "not found and no property found." On July 26, 1971, plaintiff filed a Citation to Discover Assets. Defendant appeared on the return date, August 18, 1971, and on his motion, the Citation was continued to provide defendant time in which to retain counsel. On September 8, 1971, defendant appeared without counsel, and was examined under oath regarding his assets. The court ordered "Judgment debtor examined. No property found. Citation dismissed."

On November 22, 1971, a writ of execution was issued, culminating in the seizure and subsequent sale of defendant's automobile. The writ was returned "part satisfied." On December 16, 1971, one day prior to the sale of his automobile, defendant filed notice of a motion to "file appearance and affidavit of compliance in connection with the above entitled cause." Defendant did not appear to present this motion.

On December 27, 1971, 207 days after entry of the judgment, defendant, by counsel, filed a motion to vacate the default judgment. A supporting affidavit also was filed wherein defendant alleged that the advertisement in the "Yellow Pages" was not in accordance with the contract terms; that he first learned of the judgment on August 18, 1971, when he appeared at the citation proceedings; and that at that time plaintiff's attorney admitted that "something was wrong," and he advised defendant that the matter would be "straightened out" and he would contact defendant.

The cause was set for hearing on March 30, 1972, at which time it was heard as a contested matter. The court "opened the judgment" contingent upon defendant paying not less than $143.62 in court costs by April 18, 1972. It was further ordered that the judgment stand as security, and that the matter be continued to April 18, 1972. The costs were paid, and on April 18, plaintiff filed its petition for a rehearing on the § 72 motion and counteraffidavit denying defendant's allegation concerning the conversation with plaintiff's counsel on August 18, 1971. On May 3, 1972, plaintiff's motion for rehearing was continued to May 11, 1972, at which time the court vacated its orders of March 30, 1972 and April 18, 1972, and ordered the costs returned to defendant. The court then ordered that the default judgment of June 3, 1971 be reinstated,

and that a hearing on defendant's § 72 motion be held on June 6, 1972, *nunc pro tunc* December 27, 1971. The hearing was continued to September 7, 1972, at which time another judge vacated the default judgment. Plaintiff appeals from this order.

The petition and affidavit filed by defendant fail to state any reason why defendant failed to answer or appear in court when the default judgment was entered. In addition, the foregoing chronology of this litigation amply reflects that defendant had full knowledge of the proceedings and judgment. Defendant did not employ an attorney until almost four months after he admitted actual knowledge of the judgment. § 72 relief is not intended to relieve a party of the consequences of his mistakes or negligence. (*Esczuk v. Chicago Transit Authority*, 39 Ill.2d 464, 236 N.E.2d 719.) Defendant's delay and inactivity reflects his failure to demonstrate due diligence in his attempt to vacate the default judgment. (See *Davis Furniture Co. v. Young*, 102 Ill.App.2d 415, 242 N.E.2d 457; *Elmwood Ford Motors, Inc. v. Mardegan*, 42 Ill.App.2d 342, 192 N.E.2d 445.) We therefore hold that the trial court abused its discretion in the vacatur of the judgment, and its order is hereby reversed.

Reversed.

LEIGHTON and HAYES, JJ., concur.