HOGAN AND FARWELL, INC., Plaintiff-Appellee, *v.* FREDRICK W. MEITZ *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 62093

Opinion filed November 18, 1976.—Rehearing denied February 8, 1977.

McDermott, Will & Emery, of Chicago (James E. Betke and J. Craig Busey, of counsel), for appellants.

Devoe, Shadur & Krupp, of Chicago, for appellee.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendants, Fredrick W. Meitz and Jody Duke Meitz, appeal from an order of the Circuit Court of Cook County denying their petition to vacate a default judgment pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72). The issue on appeal is whether the trial court abused its discretion in denying the petition. We affirm. The pertinent facts follow.

On November 21, 1973, plaintiff, Hogan and Farwell, Inc., as authorized agent for the beneficiaries of La Salle National Bank as trustee under Trust No. 39384, filed a complaint in two counts against defendants for breach of lease and malicious damage to property. The complaint alleged that plaintiff entered into a written lease with defendants for an apartment at 100 East Bellevue Place, in Chicago, for the period commencing September 1, 1971, and ending August 31, 1974, at a monthly rental of $675. Count I alleged that the lease was breached in that defendants made certain alterations without prior written consent;

further, that defendants had advised plaintiff of an intent to abandon the premises prior to the end of November 1973; and that plaintiff elected to terminate defendants' right to possession without terminating the lease as therein provided. Plaintiff prayed $12,000 compensatory damages for restoring the premises and $6,075 for rent for the remainder of the term, together with costs and attorney fees. Count II claimed malicious damage to property and $12,000 compensatory and $10,000 punitive damages with costs and attorney fees.

Summons was returned endorsed by the sheriff that on November 21 summons and a copy of the complaint were personally served on defendant Jody Duke Meitz, and on the same date the summons was served on defendant Fredrick Meitz by delivering a copy to Jody Duke Meitz, a member of his family, and by mailing a copy to Fredrick Meitz on November 30, 1973. A *pro se* appearance was filed on December 21, 1973, entering the appearance of the "defendant" signed "Mrs. Fredrick W. Meitz." In the space on the printed appearance form provided for an attorney's name "Jody Duke Meitz" was listed with the address "Ft. Dearborn P. O., Ontario St., Chicago 60611" and telephone "642-3225." No other document appears of record as filed by either defendant prior to the entry of the default judgment sought to be vacated.

On January 17, 1974, plaintiff filed a notice of motion which had attached a motion for default against defendants for failure to answer or otherwise plead to plaintiff's complaint. The notice contained an affidavit that on January 2, 1974, the notice was served by mailing to "Jody Meitz, Ft. Dearborn Post Office, Ontario Street, Chicago, Illinois 60611." On January 17, 1974, an order of default was entered against both defendants for failure to answer or otherwise plead. On January 22, 1974, an order set the cause for a prove-up of plaintiff's damages on January 29, 1974. The order entered on January 29 recites that the matter was heard on a prove-up of plaintiff's damages and that the court heard testimony in open court, then ordered judgment by default in favor of plaintiff and against both defendants for $9,406.82 plus costs. On March 7, 1974, plaintiff filed an affidavit for garnishment against Lake Shore National Bank as garnishee. The bank filed an amended answer that it held $122.68 due defendants. Judgment was entered against the bank for $122.68 on April 16, 1974.

On July 23, 1974, attorneys for defendants filed a petition for relief under section 72 of the Civil Practice Act to vacate the default judgment entered January 29, 1974. The petition was unverified and was signed by counsel. It set forth that the default judgment was registered in Circuit Court of Milwaukee, Wisconsin on June 18, 1974, and that on or about July 3, 1974, defendants first received notice of the judgment upon receipt of correspondence from the clerk in Milwaukee, informing them of the registration of the judgment. The petition further stated that defendants

terminated their Illinois residency on November 23, 1974 [*sic*], and assumed residency at the Marriott Motor Hotel in Milwaukee, Wisconsin; that they traveled Canada and Europe between November 1973 and July 1974 and prior to terminating their Illinois residency made arrangements with the Fort Dearborn Post Office to hold all correspondence directed to their former address at 100 Bellevue Place throughout the period ending June 1974, and had engaged a messenger service between Chicago and Milwaukee to collect the mail for delivery to defendants in Wisconsin; that they further engaged a telephone answering service to continue receiving calls at their former Chicago number until February 15, 1974; and that defendants were not notified of any proceedings after the filing of the *pro se* appearance. The petition further stated that on or about December 21, 1973, Mrs. Meitz personally delivered to the office of plaintiff's attorney an instrument entitled "Answer-Limited Motion" wherein she informed plaintiff where defendants might be contacted during the ensuing months and advised that they had a good and meritorious defense to the action; that a copy of the instrument was subsequently mailed to the Clerk of the Circuit Court of Cook County; that defendants received no copy of the notice of motion purportedly mailed as to the hearing for January 17, 1974, and received no notice as to the hearing of January 29, 1974; that prior to the judgment plaintiff had specific knowledge of defendants' residence in Milwaukee, Wisconsin, by reason of information obtained by plaintiff's property manager, Louis Lutz; that upon notice of registration of the judgment in Wisconsin, defendants secured counsel in Wisconsin and in Cook County and have acted with due diligence upon receiving notice. The petition further alleged that defendants have a good and meritorious defense in that the renovations were not undertaken without the advance consent of plaintiff who knew and participated in the renovations which cost in excess of $7,000; that plaintiff would not permit the removal of the renovations affixed to the walls, refused subtenants, breached the lease, and suffered no loss of rent.

Attached to the petition was the affidavit of Jody Duke Meitz stating that she first received notice of the default judgment on July 3, 1974, by letter from the deputy clerk of the Circuit and County Court of Milwaukee County and that she had received no notice of the hearings on January 17, 1974, or January 29, 1974. The affidavit did not incorporate nor refer to the allegations of the petition.

Plaintiff filed a response denying the allegations in defendants' petition, supported by an affidavit by one of the attorneys for plaintiff. The affidavit set forth *inter alia* that the "Answer-Limited Motion" was not received by his office nor filed or registered in the court records; that the notice mailed for the hearing on January 17, 1974, was returned

"addressee unknown"; and that the envelope and enclosure were presented to the court when the order of default was entered; that on January 29, 1974, after testimony, a default judgment for $9,406.82 was entered. The affidavit further set forth that plaintiff's attorney received an attached letter from Mrs. Meitz dated March 27, 1974. The letter began by stating that Mrs. Meitz was enclosing a copy of a letter she sent to the court upon receiving from the bank a garnishee summons and affidavit, and demanded dismissal of the "obtaining of judgment." The affidavit stated that on March 29 the attorney mailed a response to Mrs. Meitz to the address in her letter which reviewed the court proceedings and advised that if she wished to challenge the judgment there were established procedures under the Illinois Civil Practice Act for such purposes. The affidavit also stated that on May 14 the attorney received a check from La Salle National Bank for $122.68 in payment of the judgment in garnishment.

On February 20, 1975, after hearing argument of counsel, the trial court denied defendants' petition to vacate the default judgment. On March 26 the trial court denied defendants' motion for a rehearing. On April 22 defendants filed a notice of appeal from the orders of February 20 and March 26.

A petition to vacate a default judgment under section 72 invokes the equitable powers of the court. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348; *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116.) Whether or not such a petition should be granted lies within the sound legal discretion of the court to which it is addressed, depending upon the facts presented. (*Goldman v. Checker Taxi Co.* (1967), 84 Ill. App. 2d 318, 228 N.E.2d 177.) An appellate court is justified in disturbing the trial court's decision only if it finds that the trial court has abused its discretion. *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684; *City of Des Plaines v. Scientific Machinery Movers, Inc.* (1972), 9 Ill. App. 3d 438, 292 N.E.2d 154.

■■■ To warrant relief under section 72 it is incumbent upon the petitioner to show both the existence of a meritorious defense to the cause alleged in the original action and the exercise of due diligence in presenting that defense. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Till v. Kara* (1959), 22 Ill. App. 2d 502, 161 N.E.2d 363.) Both elements must be shown because the purpose of a section 72 proceeding is to bring before the court facts not appearing on the record which if known to the court at the time the judgment was entered would have prevented its rendition. (*Akers v. Christen* (1973), 11 Ill. App. 3d 369, 296 N.E.2d 774; *Muniz v. Wamsley* (1970), 127 Ill. App. 2d 410, 262 N.E.2d 295.) Accordingly, a petitioner must show that his failure to defend was the result of excusable mistake, and that he acted

reasonably and not negligently when he failed to initially resist the judgment. (*Johnson-Olson Floor Coverings v. Branthaver* (1968), 94 Ill. App. 2d 394, 236 N.E.2d 903.) In other words, the petitioner must show a reasonable excuse for his default.

In the instant case defendants argue that they have proceeded with due diligence thoughout the course of this litigation. Courts have discussed the diligence requirement in filing the section 72 petition as well as that in presenting a defense in the original action, and have reasoned that the better application of the rule is that a petitioner must show diligence in defending before a default judgment is entered. *Riley v. Unknown Owners* (1972), 6 Ill. App. 3d 864, 286 N.E.2d 806; *Johnson-Olson Floor Coverings;* see also *Postal Film, Inc. v. McMurtry* (1974), 22 Ill. App. 3d 293, 317 N.E.2d 375.

The chronology of the litigation before us, however, demonstrates a lack of diligence on the part of defendants both before and after entry of the default judgment. As evidenced by the record, the only action taken by either defendant after service of summons and before entry of the default judgment was the filing of a *pro se* appearance by Jody Duke Meitz. It was defendants' duty thereafter to follow the case once the court acquired jurisdiction. (*Esczuk v. Chicago Transit Authority; Davis Furniture Co. v. Young* (1968), 102 Ill. App. 2d 415, 242 N.E.2d 457.) Relief under section 72 will not be granted merely because a defendant is untrained in the law and ignores a proceeding on his own initiative. *Postal Film, Inc; Johnson-Olson Floor Coverings.*

Here, defendants argue that they have shown due diligence by taking action whenever it appeared to them that action was necessary. Defendant Jody Duke Meitz had filed a timely *pro se* appearance; however, plaintiff's notice of motion for default mailed to her at the address specified in the appearance was returned "addressee unknown." Proof was presented in open court before entry of the order of default. This is not a case where plaintiff did nothing to inform a *pro se* defendant of default proceedings. (See, *e.g., Bandyk v. Beringer* (1975), 31 Ill. App. 3d 263, 333 N.E.2d 227.) Defendants also allege that they filed with the court and presented to plaintiff's attorney a timely "Answer-Limited Motion" in response to the complaint. However, we find no such document in the record as having been filed by defendants before default, and plaintiff's attorney stated on oath that he did not receive a copy and that the court file contained no such document.

■■ Defendants also allege that they were diligent in that Mrs. Meitz contacted the clerk of the circuit court by long-distance telephone after receiving notice of the garnishment proceedings and was told that there was no listing of their case. Reliance on the telephone after receipt of written notice from her bank of the garnishment action is at best

misplaced. One acting upon advice of a deputy clerk of the court does so at his own risk. *Bernier v. Schaefer* (1957), 11 Ill. 2d 525, 144 N.E.2d 577; *Libert v. Turzynski* (1970), 129 Ill. App. 2d 146, 262 N.E.2d 741.

Defendants further argue that they have shown due diligence by filing their section 72 petition on July 23, immediately upon receiving notice of entry of the default judgment. The affidavit of defendant Jody Duke Meitz in support of the petition states that she first received notice of the default judgment on July 3. It is clear, however, that she had notice of the garnishment proceedings in March when she wrote to plaintiff's attorney and to the clerk of the circuit court asking that plaintiff's "unlawful judgment" be set aside.

These circumstances indicate that defendants' dilemma is the result of their own negligence and attitude of nonresponse. A section 72 petition is not intended to relieve a party from the consequences of his own mistake or negligence. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.) Further, defendants' delay of almost four months after having received initial notice of the judgment is inexcusable. (See *Reuben H. Donnelley Corp. v. Davis* (1973), 15 Ill. App. 3d 1044, 305 N.E.2d 604.) We conclude that defendants have not shown due diligence required to warrant relief from the default judgment.

■■ We are not unaware of cases which hold that a reviewing court will go further in its examination, and that justice and good conscience may require that a default judgment be set aside to allow a defendant a day in court even though there has been a lack of due diligence. (See *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684; *Hall v. Hall* (1973), 15 Ill. App. 3d 599, 304 N.E.2d 763; *Burkitt v. Downey* (1968), 102 Ill. App. 2d 373, 242 N.E.2d 901.) Thus, in the interest of fundamental fairness to the parties on both sides of a controversy, a court will examine all the circumstances attendant upon entry of the default judgment. (*Brewer v. Martin* (1968), 96 Ill. App. 2d 54, 238 N.E.2d 162.) Even in such cases, however, it has been held that the desirability of trying cases upon their merits must be weighed against the competing policy recognizing the need for stability of judgments. *Sora Loan Corp. v. Shlifka* (1971), 2 Ill. App. 3d 137, 276 N.E.2d 85; *Burkitt v. Downey.*

■■ It is clear that a default judgment may not be enforced when attended by unfair or unconscionable circumstances. (*Groves v. Sebastian* (1968), 98 Ill. App. 2d 347, 240 N.E.2d 192.) However, an examination of plaintiff's course of conduct in the matter before us, even without regard to defendants' conduct, discloses no such countervailing circumstances present here to warrant vacature of the default judgment. Plaintiff searched the court file and attempted to notify defendants of the proceedings before entry of the default judgment.

It has been held that a plaintiff's failure to cause execution to issue until more than 30 days after entry of a default judgment casts a cloud on the proceedings. (*Gary Acceptance Corp. v. Napilillo* (1967), 86 Ill. App. 2d 257, 230 N.E.2d 73; *Jansma Transport, Inc. v. Torino Baking Co.* (1960), 27 Ill. App. 2d 347, 169 N.E.2d 829.) In the instant case, after the default judgment was entered plaintiff did issue garnishment summons 37 days later, on March 7. However, we find nothing in the record to suggest that plaintiff took unconscionable advantage of defendants through the extraordinary use of court process which would warrant an examination of the cause on its merits.

■■ We conclude that the trial court did not abuse its discretion in denying defendants' section 72 petition. Accordingly, the order of the Circuit Court of Cook County denying defendants' petition to vacate the default judgment and the order denying a rehearing are affirmed.

Affirmed.

DEMPSEY and McGLOON, JJ., concur.