FIRST NATIONAL BANK OF MATTOON, as Ex'r of the Estate of Jesse A. Dees, Deceased, Plaintiff-Appellee, v. MATTOON FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant (Howard Dees, Defendant-Appellant).

Fourth District   No. 4—88—0198

Opinion filed November 3, 1988.

David Y. Eberspacher, of Harlan Heller, Ltd., of Mattoon, for appellant.

K. Rick Keller, of Braden & Keller, of Neoga, for appellee.

JUSTICE LUND delivered the opinion of the court:

On June 5, 1986, the circuit court of Coles County entered a default judgment on behalf of plaintiff First National Bank of Mattoon against defendant Howard Dees in the amount of $47,076.77. On May 8, 1987, defendant filed a petition for relief from the default judgment. On January 14, 1988, the court granted plaintiff's motion to dismiss said petition. Defendant appeals.

On December 9, 1985, plaintiff, as executor of the Jesse Dees estate, filed a complaint against defendant and Mattoon Federal Savings and Loan Association (Mattoon) to recover money taken from a joint account which it alleged belonged to decedent, defendant's father. The complaint contained three counts directed at each defendant. Mattoon was served summons on December 19, 1985. On January 17, 1986, Mattoon filed a motion to dismiss the counts against it.

On January 31, 1986, defendant, a resident of Texas, was served by summons. The court subsequently granted Mattoon's motion, dismissed the complaint as to Mattoon, and granted 28 days to file amended pleadings. The first-amended complaint was filed on March 27, 1986, and repeated verbatim the counts against defendant contained in the original complaint. Mattoon was eventually dismissed from the case and is not a part of this appeal. On June 5, 1986, plaintiff moved for, and received, a default judgment against defendant. A notice of default was sent to defendant's address but was unclaimed.

On May 8, 1987, defendant filed a petition for relief from the de-

fault judgment. On October 19, a motion for change of venue was filed by defendant which was denied. Finally, on November 17, 1987, the second-amended petition for relief from a default judgment was filed. Plaintiff filed a motion to dismiss which was granted on January 14, 1988. This appeal followed.

■ Defendant initially asserts the court erred in denying the second count for relief contained in his petition, which asked for relief available under section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). Section 2—1401 provides a comprehensive statutory procedure by which judgments can be challenged more than 30 days after their rendition. To be entitled to relief under this section, the petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221, 499 N.E.2d 1381, 1386; *City National Bank v. Langley* (1987), 161 Ill. App. 3d 266, 271, 514 N.E.2d 508, 511.

■ In the present case, the court granted plaintiff's motion to dismiss the petition. When a motion to dismiss is filed against a petition for relief under section 2—1401, the motion admits all well-pleaded facts and attacks only the legal sufficiency of the petition. (*Glenn v. People* (1956), 9 Ill. 2d 335, 340-41, 137 N.E.2d 336, 340; *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 839, 449 N.E.2d 560, 563.) In determining legal sufficiency, the court must accept as true all well-pleaded facts and determine if the petition, viewed in the light most favorable to the petitioner, is sufficient to state a cause of action. (*Langley,* 161 Ill. App. 3d at 271-72, 514 N.E.2d at 511; *Uptown Federal Savings & Loan Association v. Kotsiopoulos* (1982), 105 Ill. App. 3d 444, 449, 434 N.E.2d 476, 480.) The motion to dismiss should not be granted unless it clearly appears no set of facts could ever be proved that would entitle the petitioner to recover. *Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 280, 433 N.E.2d 253, 256.

A review of defendant's petition and attached affidavits establishes that the original complaint was filed on December 9, 1985, and defendant was served on January 31, 1986, with the resulting default judgment being entered on June 5, 1986. Defendant did not respond to the complaint because he believed codefendant Mattoon would protect his interest. He formulated this belief because an employee of plaintiff's told him on April 4, 1984, shortly after the death of his father, that Mattoon acted properly in giving defendant the funds from the ac-

count. Further, in later February or early March of 1986, defendant had his sister check on the status of the lawsuit. She advised him that her husband, Gary Morgan, checked at the courthouse and discovered the case had been dismissed, and plaintiff had 28 days to refile. Morgan allegedly received this information from the circuit clerk's office and from talking with the judge in the hall. On March 27, Morgan checked the file and advised defendant that no new complaint had been filed. Defendant thus believed the case was dismissed. Supporting affidavits were submitted by Elinor and Gary Morgan.

As noted earlier, the two elements required in a section 2—1401 motion are a meritorious defense and due diligence on the part of the petitioner. We need not address the question of a meritorious defense since we find defendant failed to act with due diligence, and the petition was properly dismissed.

■ Due diligence requires petitioner to have a reasonable excuse for failing to act within an appropriate time. (*Airoom*, 114 Ill. 2d at 222, 499 N.E.2d at 1386.) Section 2—1401 does not afford a litigant a remedy whereby he may be relieved of the consequences of his own mistake or negligence. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 467, 236 N.E.2d 719, 720.) A party relying on this section is not entitled to relief "unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court." (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294, 296.) Specifically, the petitioner must show that his failure to defend against the lawsuit was a result of an excusable mistake, and that under the circumstances, he acted reasonably, and not negligently, when he failed to initially resist the judgment. *Airoom*, 114 Ill. 2d at 222, 499 N.E.2d at 1387.

Defendant asserts two grounds supporting his claim that he acted with due diligence in defending the lawsuit. The first is that he relied on the codefendant to protect his interests. Second, he relied on his sister to keep track of the case, and she erroneously believed the case was dismissed. Neither is persuasive.

■ To support his first contention, defendant admits that he relied on a comment of plaintiff's agent made eight months prior to the filing of the lawsuit and almost 10 months prior to his being served with process. There is no explanation why a comment by plaintiff's agent would lead defendant to believe a codefendant would protect his interest. Defendant should have been aware something was amiss when he was served with the complaint later. Conspicuous by its absence is any allegation the codefendant had somehow led defendant to believe it would protect defendant's interest.

■■■ Defendant's second contention is similarly without merit. It is axiomatic that where the court once acquires jurisdiction of the parties, it is the duty of the litigant to follow the progress of his own case. (*Airoom*, 114 Ill. 2d at 226-27, 499 N.E.2d at 1389; *Esczuk*, 39 Ill. 2d at 467, 236 N.E.2d at 721.) Assertions that a litigant relied on information from another do not automatically entitle him to relief. One acting upon statements of a circuit clerk or the sheriff does so at his own risk. (*Bernier v. Schaefer* (1957), 11 Ill. 2d 525, 530, 144 N.E.2d 577, 579; *Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 222, 359 N.E.2d 740, 744.) Even if a litigant retains counsel, a section 2—1401 petition does not necessarily relieve the litigant of the mistakes or negligence of his counsel due to this duty. (*Welfelt v. Schultz Transit Co.* (1986), 144 Ill. App. 3d 767, 773, 494 N.E.2d 699, 703.) Here, plaintiff chose to have his sister and brother-in-law, nonattorneys, follow the case without entering his appearance. They allegedly received mistaken information which defendant relied upon in deciding not to appear. This problem could have easily been avoided by defendant responding to the complaint, by entering an appearance, or retaining counsel. Once that was done, he would have been entitled to notice of all proceedings (107 Ill. 2d R. 104) and would have been apprised of their exact nature. Relief under section 2—1401 will not be granted merely because a defendant is untrained in the law and, on his own initiative, ignores a proceeding. (*Hogan*, 45 Ill. App. 3d at 221, 359 N.E.2d at 744; *Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill. App. 2d 394, 400, 236 N.E.2d 903, 906.) It is available "only to those who diligently pursue their legal defenses and remedies in court, not to those who disregard these procedures on the gamble that better results can be obtained through other procedures or at a cheaper cost." (*Abbell v. Munfield* (1979), 76 Ill. App. 3d 384, 388, 395 N.E.2d 78, 81.) It is readily apparent defendant's dilemma is the result of his own negligence and attitude of nonresponsiveness.

■■ Defendant further asserts that even if he was not diligent, he is still entitled to equitable relief. One of the guiding principles in administration of section 2—1401 is that the petition invokes the equitable powers of the circuit court, which should prevent enforcement of a default judgment when it would be unfair, unjust, or unconscionable. (*Airoom*, 114 Ill. 2d at 225, 449 N.E.2d at 1388.) Because of this, courts have not considered themselves strictly bound by precedent and, where justice and good conscience may require it, a default judgment may be vacated even though the requirement of due diligence has not been satisfied. *Airoom*, 114 Ill. 2d at 225, 499 N.E.2d at 1388.

In support of this assertion, defendant notes it was plaintiff's

agent's statement which he relied upon in not answering the complaint. Also, he further asserts he never received notice of the default judgment, and plaintiff did not act on enforcing the June 5, 1986, judgment until March 1987.

However, as noted earlier, the alleged statement occurred eight months before the filing of the lawsuit. There is no allegation that plaintiff somehow persuaded defendant to not respond to the complaint. There is also evidence that notice of default judgment was sent to defendant and went unclaimed. Finally, while failure to give notice or to execute upon a default judgment within 30 days of its entry may be a factor to be considered in determining whether plaintiff has acted so unfairly as to justify relaxation of the due diligence standard, additional circumstances must exist which would compel the conclusion that the party obtaining the judgment would gain an unfair, unjust, or unconscionable advantage if the judgment were not vacated. (*Airoom*, 114 Ill. 2d at 227, 499 N.E.2d at 1389.) In *Airoom*, the supreme court addressed the type of conduct which entitled the defaulted party to equitable relief:

> "There is no evidence that the plaintiffs or their attorney agreed to forgo their legal rights and remedies while Airoom attempted to settle the dispute, or that the plaintiffs or their attorney led Airoom to believe that their legal remedies were not being pursued. There is no evidence that Airoom was hindered or prevented by plaintiffs or their attorney from making a defense. In our view, the conduct of the plaintiffs and their attorney does not warrant the conclusion that the circuit court's processes were used to gain an unconscionable advantage, nor does it suggest fraud or fundamental unfairness. Because Airoom has not provided any evidence which would demonstrate unfair, unjust, or unconscionable behavior, or any indication that the plaintiffs were deceptive in obtaining the default judgment, equitable principles do not require the judgment to be vacated." *Airoom*, 114 Ill. 2d at 228-29, 499 N.E.2d at 1390.

Similarly, in our present case, there is no evidence of the type of conduct which would entitle defendant to equitable relief. While defendant might have a meritorious defense, it is to be remembered that the ambit of section 2—1401 relief must not be overbroadened to such an extent as to dilute the principles of equity and an ordered concept of justice. *Airoom*, 114 Ill. 2d at 227, 499 N.E.2d at 1389; *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 676-77, 360 N.E.2d 1355, 1362.

Next, defendant argues the court erred by denying his first ground

for the relief asserted in his petition. He observes the amended complaint contained not only amended counts concerning codefendant, but repeated verbatim the counts involving him. He relies on the settled rule that " '[w]here an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.' " (*Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 154, 449 N.E.2d 125, 126.) He thus asserts the original complaint is abandoned and, therefore, the judgment entered upon it is void. He asserts a judgment could have been properly entered on the amended complaint, but observes that the order was, in fact, entered on the original. Defendant cites no authority for this novel position, and our review of the applicable considerations make it clear this position is not well founded.

The rule defendant relies on is a proper statement of law. However, the purpose of this rule is to determine which causes of action and theories of recovery are preserved for trial and review. (*Foxcroft*, 96 Ill. 2d at 153-54, 449 N.E.2d at 126-27.) It has no bearing or application on default judgments. In fact, defendant cannot cite a case which, in applying this rule, has defeated any default judgments entered on earlier complaints.

Defendant maintains the judgment would have been proper if the amended complaint, rather than repeating exactly the allegations against him, had referred back to or adopted the original complaint. He concedes this is a fine distinction. We fail to see what purpose would be served by following this analysis.

■ Defendant was properly served with the original complaint. This advised him of the allegations and requested relief. The amended complaint repeated these. Defendant was in no way prejudiced by the filing of the amended complaint. To hold that he can somehow avoid a default judgment due to the fortuitous filing of an amended complaint which did not affect him, but which repeated the allegations against him verbatim rather than referring back to the original complaint, is illogical and unjustified. Once a defendant has received service, he has time limits within which to respond. Unless the allegations or relief requested are changed, he is entitled to no notice of amended pleadings and is subject to entry of a default judgment on the original complaint. In the present case, the allegations were identical, and the judgment is proper.

Defendant lastly asserts the court erred in denying his motion for change of venue requesting a change of judge. The motion alleged that on February 27, 1986, Gary Morgan was at the courthouse checking on

the status of the case. As he was leaving, he saw the trial judge and asked him concerning the status of defendant's case. The judge advised him that the case was dismissed with leave to refile within 28 days. It was based partly on this information that defendant did not enter an appearance. Therefore, defendant asserts the court is a witness material to the case, and his motion should be granted.

At the hearing on the motion, the judge stated he remembered the conversation but was unaware Morgan was defendant's brother-in-law and was inquiring for defendant. The judge observed that if he was called to testify, he would recuse himself.

■■■ A request for change of venue is covered by section 2—1001 of the Code, which provides, in relevant part:

"A change of venue in any civil action may be had in the following situations:

(1) Where the judge is a party or interested in the action, or his or her testimony is material to either of the parties to the action, or he or she is related to, or has been counsel for any party in regard to the matter in controversy." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1001(a)(1).)

In the present case, the motion was filed after the court had ruled on substantial issues, but it alleges the evidence was newly discovered by defendant. Accordingly, the granting or denial of the motion is within the sound discretion of the court. See *Wier v. Isenberg* (1981), 95 Ill. App. 3d 839, 846, 420 N.E.2d 790, 795-96.

■■■ The purpose of this provision is to insure each litigant a fair trial. It is readily apparent the litigant would be prejudiced if the presiding judge testified in front of a jury or possessed such material information concerning the case so as to affect his decision making and deny litigant an impartial hearing. It is also apparent that the court's testimony in this case would be, at most, corroborative of the fact the conversation took place. This is not the sort of material testimony that would impair the judicial function and require granting of defendant's motion. Moreover, we note the judge took the extra step of indicating he would recuse himself if, in fact, he was called to testify in an evidentiary hearing, which further protects defendant's interest. We find no abuse of discretion with the denial of defendant's motion.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.