ALTON COMMUNITY UNIT SCHOOL DISTRICT No. 11, Petitioner-Appellant, v. ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents-Appellees.

Fourth District    No. 4—04—0975

Argued November 16, 2005.—Opinion filed December 7, 2005.

Frank B. Garrett III (argued), of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago, for appellant.

Wanda Van Pelt (argued), of Illinois Education Association-NEA, of Edwardsville, for respondent Laura Meyers-McGee.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Laura M. Wunder (argued), Assistant Attorney General, of counsel), for respondent Illinois Educational Labor Relations Board.

JUSTICE MYERSCOUGH delivered the opinion of the court:

Alton Community Unit School District No. 11 (District) appeals from a final order of the Illinois Educational Labor Relations Board (IELRB) affirming the recommended decision and order of the administrative law judge (ALJ), which granted complainant Laura Meyers-McGee's motion to deem the allegations in the IELRB's complaint admitted and recommended the District reinstate complainant to her teaching position. The District makes the following arguments: (1) the IELRB's executive director's decision granting complainant's motion to amend the IELRB's complaint required that the District be given 15 days to answer the amended complaint; (2) the IELRB erred in determining the District's answer to the IELRB's initial complaint was untimely; (3) assuming the District's answer to the IELRB's initial complaint was untimely, the IELRB erred in finding the District did not show "good cause" for filing its answer late; and (4) the IELRB's order to reinstate complainant to her teaching position was beyond the IELRB's authority because the order would result in complainant being granted tenure. We reverse and remand.

## I. BACKGROUND

In March 2002, the District's school board voted not to renew complainant's employment contract based on her unsatisfactory performance evaluations. Complainant was then a fourth-year probationary teacher.

In September 2002, complainant filed an unfair labor practice charge with the IELRB, alleging her dismissal was based on protected union activity in which she had engaged. On August 13, 2003, the IELRB's executive director issued a complaint and notice of hearing via certified mail. The District received the complaint via certified mail on August 15, 2003.

Later that month, complainant filed a motion to amend the IELRB's complaint by changing the word "Complainant" to "Association" in the eighth paragraph of the complaint. On September 4, 2003, the IELRB's executive director granted complainant's motion to amend the complaint. That same day, the District filed its answer and affirmative defenses to the IELRB's initial complaint.

On September 29, 2003, complainant filed a motion to deem the allegations in the IELRB's complaint admitted because the District's answer to the IELRB's original complaint was untimely. On October 6, 2003, the District filed its answer to the IELRB's amended complaint.

On December 8, 2003, the IELRB's ALJ issued a recommended decision and order, granting complainant's motion to deem the complaint's allegations admitted and directing the District to reinstate complainant to her teaching position. In August 2004, the IELRB affirmed the ALJ's recommended decision and order. This appeal followed.

## II. ANALYSIS

The District first argues the IELRB erred in affirming the ALJ's decision granting complainant's motion to deem the facts in the original complaint admitted because the IELRB had amended the original complaint. Complainant and the IELRB argue that the amendment had no effect on the District's default. This issue presents a question of law, which we review *de novo*. See *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 205, 692 N.E.2d 295, 302 (1998).

Both complainant and the IELRB rely on our supreme court's decision in *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 449 N.E.2d 125 (1983), for the proposition that complainant did not abandon the original complaint by amending it.

In *Foxcroft*, the supreme court stated:

"[T]his court and a majority of the appellate court cases have adhered to the well-established principle that a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints. [Citations.] 'Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.' [Citation.]

There are significant policy considerations which favor adherence to this general rule. In particular is the interest in the efficient and orderly administration of justice. It is expected that a cause will proceed to trial on the claims as set forth in the final amended complaint." *Foxcroft*, 96 Ill. 2d at 153-54, 449 N.E.2d at 126.

Complainant and the IELRB argue that the IELRB's amendment to the initial complaint was not complete in itself and was not a separate complaint. Therefore, according to complainant and the IELRB, the IELRB had not abandoned and withdrawn its initial complaint.

This court has stated that "the purpose of this rule is to determine which causes of action and theories of recovery are preserved for trial and review. [Citation.] It has no bearing or application on default judgments." *First National Bank of Mattoon v. Mattoon Federal Savings & Loan Ass'n*, 175 Ill. App. 3d 956, 963, 530 N.E.2d 666, 671 (1988).

The instant case concerns whether the IELRB erred in affirming

the ALJ's decision to default the defendant on the IELRB's original one-count complaint against the District after the IELRB had already amended the allegations against the District. As a result, the rule espoused in *Foxcroft* has no bearing on the instant case.

Both complainant and the IELRB also cite *First National Bank* in support of their argument that the District cannot avoid a default judgment on the initial complaint because of a one-word amendment that did not substantively change the allegations in the initial complaint. In *First National Bank*, the plaintiff filed suit against two defendants. *First National Bank*, 175 Ill. App. 3d at 958, 530 N.E.2d at 668. Plaintiff amended the counts of his complaint against defendant Mattoon Federal Savings & Loan but made no changes to the charges directed at defendant Howard Dees. *First National Bank*, 175 Ill. App. 3d at 958, 530 N.E.2d at 668. Dees failed to answer the original complaint or the amended complaint, and the trial court entered a default judgment against him on the original complaint. *First National Bank*, 175 Ill. App. 3d at 958, 530 N.E.2d at 668. Dees argued that by amending the original complaint the plaintiff had abandoned the original complaint, and, therefore, the default judgment entered against him on the original complaint was void. *First National Bank*, 175 Ill. App. 3d at 963, 530 N.E.2d at 671. This court disagreed, stating:

"Defendant was properly served with the original complaint. This advised him of the allegations and requested relief. The amended complaint repeated these. Defendant was in no way prejudiced by the filing of the amended complaint. To hold that he can somehow avoid a default judgment due to the fortuitous filing of an amended complaint which did not affect him, but which repeated the allegations against him verbatim rather than referring back to the original complaint, is illogical and unjustified. Once a defendant has received service, he has time limits within which to respond. *Unless the allegations or relief requested are changed, he is entitled to no notice of amended pleadings and is subject to entry of default judgment on the original complaint. In the present case, the allegations were identical, and the judgment is proper.*" (Emphasis added.) *First National Bank*, 175 Ill. App. 3d at 963, 530 N.E.2d at 671.

In essence, this court was stating that, if Howard Dees was the only defendant in the suit, the plaintiff would not have amended his original complaint because the amendments to his complaint only concerned the plaintiff's allegations against the other defendant, Mattoon Federal Savings & Loan. Therefore, Howard Dees' negligence in failing to answer the original complaint should not be excused just

because the plaintiff wanted to amend his allegations against another defendant.

In the instant case, the District was the only defendant. While the filing of the order amending the complaint was fortuitous to the District in this case, the allegations against the District did change, and the changes affected the District. Therefore, the IELRB erred in ruling that the District could be defaulted on the original complaint because the IELRB should not have been proceeding under the original complaint once the complaint was amended.

The complainant and the IELRB argue that the IELRB acted within its authority in declining to excuse the untimeliness of the District's original answer because the amendment to the complaint was not substantive. However, whether the amendment was substantive is irrelevant. See 3 R. Michael, Illinois Practice § 26.1, at 447 (1989) ("a pleading may be amended by interlineation, by submitting only the proposed changes, or by submitting a new document incorporating the proposed changes"). Section 1105.100(g) of Title 80 of the Illinois Administrative Code (Code) (80 Ill. Adm. Code § 1105.100(g) (Conway Greene CD-ROM March 2002)) states:

> "The Executive Director [of the IELRB] may amend the complaint prior to the hearing upon motion of a party or on the Executive Director's own motion. Grounds for amendment will include newly discovered evidence, inadvertent exclusions[,] and new allegations. The parties shall receive reasonable notice of the amendment, and the [r]espondent shall have 15 days after the service of the amended complaint, unless waived by the [r]espondent, within which to file an answer to the amended complaint."

It does not differentiate between substantive and nonsubstantive amendments. Because a change was made to the allegations against the District, the District could not be defaulted on the original complaint.

In the case at bar, the IELRB filed a one-count complaint on behalf of the complainant against the District alleging one theory of liability. The amended complaint replaced the original complaint. The amended complaint was filed on behalf of the same complainant against the same District and alleged the same theory of liability. After the IELRB amended the complaint, the case should have proceeded under the amended complaint, not the original complaint.

The District filed its answer to the amended complaint within 15 days of being served with the amended complaint. Therefore, the District's answer to the amended complaint was timely and the IELRB should have reversed the ALJ's order defaulting the District. As a

result, we need not address the District's other three arguments. Further, we need not address complainant's motion to strike because our disposition renders the motion moot.

## III. CONCLUSION

For the reasons stated, we reverse and remand the IELRB's judgment.

Reversed and remanded.

McCULLOUGH and KNECHT, JJ., concur.