Jean B. KENNEDY

v.

Darold J. ZALENSKI.

Supreme Judicial Court of Maine.

June 12, 1968.

Grover G. Alexander, Gray, for appellant.

Lawrence P. Mahoney, Portland, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal. This is a complaint in tort. A pre-trial order dated October 4, 1967 provided that "(t)he defendant will produce a plan of the area where the alleged accident took place, which will be admitted without objection." The case was assigned for trial on October 12, 1967.

On October 12, 1967 the plan produced by the defendant was not related to the scene of the accident as it existed on the date in issue, and the plaintiff moved, for that reason, for a general continuance. The presiding Justice granted a continuance until October 16, 1967 in order to permit plaintiff to obtain a proper plan. Defense counsel contends that this continuance was conditioned upon the presentation of the case on October 16, 1967 whether or not a plan had been obtained.

On October 16, 1967 plaintiff represented that, despite diligence, he had not been able to procure a plan and requested a continuance of the case to November 13, 1967.

In the colloquy between plaintiff's counsel and the presiding Justice on the matter of the motion for continuance to November 13, 1967, plaintiff's counsel said:

"As an alternative to the continuance if the Court rules it cannot continue the Plaintiff proposes to take a voluntary dismissal under Rule 41." (M.R.C.P.)

The presiding Justice subsequently denied the continuance and ordered the case "dismissed." After further discussion as to whether the dismissal was without prejudice, as to which the presiding Justice stood on his ruling, plaintiff's counsel said:

"May the record show finally that counsel for the plaintiff requested the opportunity to file a motion for dismissal, voluntary dismissal, under Rule 41 before the Court ruled?"

To which the Court replied:

"It may so indicate and I have denied it * * *."

Plaintiff thereupon filed a notice of voluntary dismissal without prejudice.

To the denial of the presiding Justice to grant continuance to November 13, 1967 and to permit plaintiff to file a voluntary dismissal under Rule 41(a) (1) M.R.C.P., plaintiff appeals.

With no intent to weaken the power of the presiding Justice to control his docket, and to require parties to prosecute their cases with diligence with a view of minimizing Court delay and loss of time which the jury, which control is not only commendable, but necessary, plaintiff's reservation of his rights under Rule 41(a) (1) M.R.C.P. before the Court denied the continuance, brings him within the provisions of the rule which provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before commencement of trial of the action." By the terms of the rule, such voluntary dismissal, if for the first time, is without prejudice.

Appeal sustained.

DUFRESNE, J., did not sit.