**MICHIANA DAIRY PROCESSORS LLC, Plaintiff,**

v.

**ALL STAR BEVERAGE, INC., Roger Mohlman, American Water Star, Inc. n/k/a Prime Star Group, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., and Donna Mohlman, Defendants.**

**Cause No. 2:09–CV–39–PRC.**

United States District Court, N.D. Indiana, Hammond Division.

Sept. 16, 2009.

Michael W. Back, Michael W. Back PC, Crown Point, IN, for Plaintiff.

Ivan B. Schwartz PHV, Law Offices of Ivan B. Schwartz, San Diego, CA, James B. Meyer, Rebecca L. Wyatt, Meyer & Wyatt PC, Gary, IN, for Defendants.

Donna Mohlman, Las Vegas, NE, pro se.

## ORDER

PAUL R. CHERRY, United States Magistrate Judge.

This matter is before the Court on (1) a Motion to Strike Defendants' Answer to Second Amended Complaint, Affirmative Defenses and Counterclaim [DE 24], filed by Michiana Dairy Processors LLC ("Michiana") on May 18, 2009, and (2) a Motion to Set Aside Entry of Default [DE 31], filed by Defendants American Water Star, Inc. n/k/a Prime Star Group, Inc., All Star Beverage of Arizona, Inc., Geyser Beverages, Inc., and Hawaiian Tropicals, Inc. (collectively the "corporate Defendants") on June 4, 2009. For the reasons set forth in this Order, the Court grants the corporate Defendants' request to set aside the entry of default and denies as moot Michiana's motion to strike.

## PROCEDURAL BACKGROUND

On April 14, 2004, Michiana filed a Complaint against Star Beverage, Inc. and Roger Mohlman in the Lake Circuit Court.

On March 17, 2008, Michiana filed a First Amended Complaint against All Star Beverage, Inc., American Water Star Inc. n/k/a Prime Star Group, Inc., All Star Beverage of Arizona Inc., Geyser Beverages, Inc., Hawaiian Tropicals, Inc., John Doe, Jane Doe, and Roger Mohlman.

Having filed for bankruptcy protection, Roger Mohlman filed a Notice of Automatic Stay in the Lake Circuit Court on May 5, 2008. On May 13, 2008, Michiana filed a Motion for Default Judgment. On May 20, 2008, the Lake Circuit Court stayed the case generally in light of Roger Mohlman's bankruptcy petition. The same date, that court issued an order entering default against the corporate Defendants. On June 16, 2008, that court again generally continued the case as a result of Roger Mohlman's bankruptcy proceedings. On motion of Roger Mohlman and All Star Beverage, Inc., that court vacated the entry of default on June 23, 2008.

On November 12, 2008, Michiana filed a Motion for Default, and on November 19, 2008, that court entered default against the corporate Defendants.

On December 8, 2008, Michiana filed a Motion to File a Second Amended Complaint, which the Lake Circuit Court granted.

On January 20, 2009, the Lake Circuit Court set a hearing on damages related to the default for February 26, 2009.

On February 2, 2009, Michiana filed a Second Amended Complaint against the defendants named in the First Amended Complaint and added Defendant Donna Mohlman.

On February 9, 2009, the Lake Circuit Court received a fax from Attorney Ivan Schwartz, who had not entered an appearance in the case, questioning the propriety of the damages hearing in light of the stay and the filing of the Second Amended Complaint. As a result of the correspondence, that court ordered the parties to submit authority as to whether the damages hearing should be stayed as a result of the bankruptcy proceedings of Defendant Roger Mohlman. After briefing, that court issued an order on February 24, 2009, clarifying that the stay was only as to Defendant Roger Mohlman and setting the damages hearing for March 17, 2009.

On March 2, 2009, this matter was removed from the Lake Circuit Court to this Court by Defendant Donna Mohlman. On April 3, 2009, District Court Judge Philip Simon issued an Order confirming this Court's subject matter jurisdiction over the case and acknowledging that Michiana has waived any procedural defects under 28 U.S.C. § 1446(b).

On March 12, 2009, Attorney Ivan Schwartz filed an application to appear pro hac vice on behalf of the corporate Defendants, which was granted on March 18, 2009. The corporate Defendants filed an Answer to the Second Amended Complaint and a Counterclaim on May 8, 2009.[1]

On May 18, 2009, Michiana filed the instant Motion to Strike Defendants' Answer to Second Amended Complaint, Affirmative

---

1. That same day, Defendant All Star Beverage, Inc. also filed an Answer to the Second Amended Complaint and a Counterclaim.

Defenses and Counterclaim, seeking to strike the Answer, Affirmative Defenses, and Counterclaim of the corporate Defendants. The corporate Defendants filed a Response in opposition on June 4, 2009. No reply brief was filed.

On June 4, 2009, the corporate Defendants also filed the instant Motion to Set Aside Entry of Default. Michiana filed a Response in opposition on June 10, 2009. No reply brief was filed.

On July 21, 2009, the Court held a combined Rule 16(b) and status conference, at which the Court set a deadline of September 1, 2009, for each party to file any supplemental briefing on the pending motions. On September 1, 2009, the corporate Defendants filed a Supplemental Brief in Support of the Motion to Set Aside Default, which was re-filed on September 9, 2009, to correct a procedural defect. Michiana did not file a supplemental brief.

## ANALYSIS

The cross motions currently before the Court were filed in reaction to the corporate Defendants' Answer to the Second Amended Complaint and their Counterclaim. Michiana argues that the Answer and Counterclaim should be stricken because an entry of default was made against the corporate Defendants on Michiana's First Amended Complaint. The corporate Defendants respond that the Second Amended Complaint supersedes the First Amended Complaint, voiding the default. Simultaneously, the corporate Defendants filed their motion, requesting that the Court set On May 27, 2009, Michiana filed an Answer to Defendant All Star Beverage, Inc.'s Counterclaim. aside the entry of default. To no avail, Michiana attempts to demonstrate that the Defendants cannot make the requisite showing under the standard for setting aside an entry of default.

## A. Motion to Set Aside Entry of Default

■ The corporate Defendants ask the Court to set aside the entry of default against them on Michiana's First Amended Complaint, entered on November 19, 2008. Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). The Seventh Circuit has articulated a policy favoring trial on the merits over default judgment and has described the standard for application of Rule 55(c) as "lenient." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir.2009) (citing *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir.2007)). To prevail on a motion to set aside entry of default, the moving party must show (1) good cause for default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *Id.* at 630–31 (citing *Sun*, 473 F.3d at 810; *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994)). All three inquiries are in contention in this case.

■ As to the first two inquiries—whether there was good cause for the default and whether Defendants took quick action to correct it—the Court finds that Defendants have established both. First, Defendants understandably believed that the stay of this case in place since June 2008 had not been lifted. Second, Defendants believed that the default entered on the First Amended Complaint was void as a result of Michiana filing the Second Amended Complaint. As much is demonstrated by the February 9, 2009 facsimile correspondence of Attorney Ivan Schwartz to the Lake Circuit Court regarding the scheduled February 26, 2009 hearing on damages. Michiana submits this facsimile in support of its opposition brief, arguing that Defendants knew of the default early yet failed to timely seek to have it set aside by waiting almost seven months after the entry of default to file the instant motion.[2] However, a reading of the facsimile evidences that

---

2. Michiana reasons that, although he had not entered his appearance or moved to appear pro hac vice on behalf of the corporate Defendants in the Lake Circuit Court, Attorney Ivan Schwartz was acting as counsel for Defendants, had access to the docket system, and must have been aware of the default based on his facsimile correspon-dence to the court. In the alternative, Michiana reasons, that, even if Defendants truly did not know of the entry of default at the time it was entered, counsel for Defendants was aware of the default at the time he corresponded with the court.

Attorney Schwartz believed at that time that this case had been stayed generally on June 23, 2008, by agreement of the parties and that there had been no order lifting the stay. In addition, he asserted that the default on the First Amended Complaint was "void" and "effectively set aside" as a result of the filing of the Second Amended Complaint. Pl. Resp., Exh. A., p. 1. He further noted in the correspondence that motions were pending at that time in Roger Mohlman's bankruptcy proceeding set for February 25, 2009, regarding *"Michiana v. Mohlman." Id.*

A review of the state court docket shows that on June 8, 2008, this matter was "continued generally" by the Lake Circuit Court as a result of Roger Mohlman's bankruptcy, and there does not appear to be an entry on the docket lifting the stay. Although the Lake Circuit Court ultimately determined on February 24, 2009, that the stay was only applicable to Roger Mohlman and that the damages hearing could go forward, up until the date of that decision, the corporate Defendants' reliance on the stay to demonstrate good cause for the default is sufficient to satisfy the first prong. Shortly thereafter, the case was removed by a different defendant on March 2, 2009, and jurisdictional issues were resolved by the Court on April 3, 2009. A month later, the corporate Defendants filed their Answer to the Second Amended Complaint and their Counterclaim. It was not until Michiana filed its Motion to Strike their Answer to the Second Amended Complaint and Counterclaim that the corporate Defendants realized that Michiana considered the entry of default to be in effect. As early as February 9, 2009, counsel for the corporate Defendants had expressed the belief that the Second Amended Complaint superseded the First Amended Complaint, rendering the entry of default void. Michiana's Motion to Strike was filed on May 18, 2009, and Defendants' Motion to Set Aside Entry of Default was filed on June 4, 2009, approximately two weeks later. The Court finds that the corporate Defendants acted in a timely manner in seeking to set aside the entry of default once they learned of Michiana's position in the Motion to Strike.

Under the third inquiry, the corporate Defendants have made a sufficient showing of meritorious defenses to the Second Amended Complaint. In their Supplemental Brief, Defendants assert the defenses of (1) inability to pierce the corporate veil, (2) invalidity and unenforceability of the contract, and (3) inability to state a claim on which relief can be granted. For each defense, Defendants set forth facts and argument making the requisite threshold showing, at this stage of the proceedings, for the Court to set aside the entry of default.

Finding that the purpose and intent of Rule 55(c) have been fulfilled and that entry of default judgment under these circumstances would be an excessive sanction for Defendants' earlier inaction, the Court grants the motion and sets aside the entry of default.

**B. Motion to Strike Answer, Affirmative Defenses, and Counterclaim**

Because the Court has granted the Motion to Set Aside Entry of Default, the Court denies as moot the Motion to Strike. Nevertheless, the Court recognizes that it is well established that an amended pleading supersedes an original pleading. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir.1999) (citing *Carver v. Condie,* 169 F.3d 469, 472 (7th Cir.1999)); *Wellness Community–National v. Wellness House,* 70 F.3d 46, 49 (7th Cir.1995) (citing cases); *United States ex rel. SimplexGrinnell, LP v. Aegis Ins. Co.,* No. 1:08–CV–01728, 2009 WL 577286, at *1–2 (M.D.Pa. Mar.5, 2009) (collecting cases and holding that the filing of an amended complaint moots a previous motion for default judgment); *Rock v. AM Express Travel Related Servs. Co., Inc.,* No. 1:08–CV–0853, 2008 WL 5382340, at *1–2 (N.D.N.Y. Dec.17, 2008) (same); *see also Boim v. Quranic Literacy Inst.,* No. 00 C 2905, 2003 WL 22089388, at *2 (N.D.Ill. Sept.9, 2003); 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.2009).

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Set Aside Entry of Default [DE 31] and **DENIES as moot** the Motion to Strike Defendants' Answer to Sec-

ond Amended Complaint, Affirmative Defenses and Counterclaim [DE 24]. The Court **ORDERS** that the Clerk's Entry of Default, entered in the Lake Circuit Court on November 19, 2008, is **SET ASIDE** pursuant to Federal Rule of Civil Procedure 55(c). The Court **REAFFIRMS** the case management deadlines set at the July 21, 2009 scheduling conference.

SO ORDERED.