STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
AP-13-013
DAW CUM 4/4/2013

SALAM ALMUBARACK,

APR 04 2013

RECEIVED

v.

ORDER DISMISSING APPEAL

CATHY KILBURN,

## Introduction

Cathy Kilburn appeals from a small claims judgment entered against her by the Portland District Court on March 4, 2013 (Kelly, J.). A small claims defendant may file an appeal on questions of law only or on an issue triable by right, by a jury trial de novo. She now seeks a jury trial, claiming she has new evidence. Kilburn states, "I have records and witnesses to substantiate the facts in question at the hearing on 2/28/13, and I would like to present them." Statement for Reason for Appeal. In her Statement, Kilburn adds two legal issues: insufficient service of process and unlawful double damages award. Salam Almubarack filed an affidavit opposing Kilburn's appeal.

On October 22, 2012, Salam Almubarack filed a small claims statement in the Portland District Court naming Cathy Kilburn, his former landlord, as defendant. The complaint alleged that the landlord refused to return the security deposit and sought $1850.00, which represented two times the security deposit of $925.00. According to the written Tenant Agreement, the security deposit was to be "returned to the tenant with 30 days of vacating the unit if there are no damages to the unit."

1

On January 22, 2013, the Maine District Court sent notice of a small claims hearing on February 28, 2013. The parties came to court that day, attended a one-hour mediation session, and participated in a contested hearing. Judgment was entered on March 4, 2013 against Kilburn for double-damages.

On February 28, 2013, Kilburn filed a Notice of Appeal that failed to state whether a jury trial was requested, whether a transcript order was attached or whether a statement in lieu of transcript would be prepared.

On March 12, 2013, Kilburn filed an Amended Notice of Appeal stating that a jury trial was requested but again failing to state whether a transcript order was attached or whether a statement in lieu of a transcript would be prepared. Kilburn attached an affidavit but the affidavit fails to meet the requirements of M.R.Civ.P. 80L(c). The affidavit fails to set forth facts to show that there is a genuine issue of material fact as to which there is a right to trial by jury. Because the appellant has failed to show there is a genuine issue of material fact, the court enters an order dismissing the appeal on this ground.

Although appellant has failed to meet the requirements of Rule 80L(c) for a jury trial, she has raised in a separate statement of her reasons for appeal two questions of law: (1) the plaintiff failed to serve a copy of the small claims complaint on her; and (2) damages equal to double the security deposit are not applicable to owner-occupied dwelling containing two units. I will discuss these two issues in reverse order.

## Double Damages

Section 6037 of Title 14 exempts owner-occupied buildings of 5 or fewer units from double damages authorized under section 6034(2) for a wrongfully retained security

2

deposit. Accordingly, the most that the District Court could order in its small claims judgment is the amount of the security damage, which in this case is $925.

Insufficient Service of Process

With Kilburn argues that she was not served with a copy of the Statement of Claim, which should have been served on her by certified mail. See M.R.Sm.Cl.P. 4(a). Kilburn states she did not know the amount that the tenant was seeking until she arrived in court on February 28, 2013 for the hearing. Kilburn contends that the certified mail stamp that was filed with the court must have been for a letter that the tenant mailed to Kilburn requesting a return of his security deposit.

A Statement of Claim may be served on the defendant "[b]y mailing a copy of the statement of the claim, first class, postage prepaid, registered or certified, restricted delivery, return receipt requested, to the person to be served." M.R.Sm.Cl.P. 4(a)(2). Service is complete "when the register or certified mail is delivered and the receipt is signed by the person to be served, provided the receipt is returned by the sender." M.R.Sm.Cl. 4(2). Here, a certified mail return receipt was signed by Kilburn, served on October 5, 2012 and filed with the court of January 7, 2013. Although we do not know what the return receipt was for, the filing of the return receipt must have triggered the mailing of the small claims hearing notice that the court sent to both parties on January 22, 2013 for a hearing on February 28, 2013. Almubarack's affidavit supports this conclusion. The court concludes that it is unlikely that the October 5, 2012 certified mail return receipt signed by Kilburn was for service of the Statement of Claim that was not filed until 17 days later on October 22, 2012. It is more likely the certified mail return receipt was for the tenant's request for the return of his security deposit.

3

Neither the Maine Rules of Small Claims Procedure nor the statute concerning Security Deposits on Residential Rental Units, 14 M.R.S.A. §§ 6031 et seq. provides a time period during which the other party must be served with a copy of the statement of claim. The only time requirement is that the notice of hearing must be mailed to the parties not less than 10 days prior to the date of the hearing." M.R.Sm.Cl.P. 4(g). The notice in this case was mailed out 30-days in advance of the hearing. Kilburn had received the tenant's request for return of security deposit and knew there was a small claims hearing on February 28, 2013. The court concludes that she was on notice that there was a small claims matter pending in which she was the defendant, and the former tenant sought the return of his security deposit.

Too late, Kilburn raises an insufficient service of process claim. "Service is intended both to give a party notice of the action, and to convey the court's personal jurisdiction over the party." *T.D. Banknorth, N.A. v. Hawkins*, 2010 ME 104, ¶ 16. If service of process serves the purpose of giving the party served adequate notice of the pendency of an action, see *Brown v. Thaler*, 2005 ME 75, ¶ 10, here Kilburn had notice between the letter demanding return of the security deposit and the court's hearing notice of a small claims hearing on her former tenant's claim for return of his security deposit. Instead of challenging service, she submitted herself to an hour of mediation and then participated in a contested hearing. At the hearing, she had a full opportunity to present her defenses to the tenant's claim concerning a wrongfully retained security deposit. Although improper service can result in a void judgment, a party may also waive a defense of insufficiency of service of process if not timely raised. *People's Heritage Sav. Bank v. Pease*, 2002 ME 82, ¶ 13, 797 A. 2d 1270, 1274. The court finds that Kilburn

4

had actual notice of the small claims hearing and she did not preserve her defense of insufficient service of process.

Kilburn also has failed to demonstrate that insufficient service of process caused her to suffer any actual prejudice. "A technical violation of a statutorily prescribed manner to give notice is not fatal when it does not prejudice the party receiving the notice, and a court may disregard nonprejudicial failure to comply strictly with notice requirements." *Town of Ogunquit v. Dep's of Pub. Safety*, 2001 ME 47, ¶ 11.

The entry is:

Appeal Dismissed. Case remanded to the District Court for entry of a corrected final judgment consistent with this Order.

Dated: April 4, 2013

Joyce A. Wheeler
Justice, Superior Court

Plaintiff-Salam Almubarack (Pro Se)
Defendant-Cathy Kilburn (Pro Se)

5