ENTERED FEB 1 2 2015

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-14-355

NM-CUM-04-29-15

BANK OF AMERICA, N.A.,

           Plaintiff

v.

METRO MORTGAGE CO., INC.,

           Defendant

ORDER ON PLAINTIFF'S REQUEST
FOR DEFAULT AND DEFAULT
JUDGMENT

## Background

Before the court is plaintiff's request for a default and default judgment against defendant in plaintiff's action for declaratory judgment. See 14 M.R.S. §§ 5951-5963 (2014); M.R. Civ. P. 55. Plaintiff seeks a declaratory judgment that plaintiff was assigned the mortgage, the note has been paid, and the mortgage should discharged.

According to plaintiff's complaint, defendant, Metro Mortgage Co., Inc., originated a mortgage executed by Sandra Rosen to secure payment of a promissory note, also executed by Ms. Rosen. (Pl.'s Compl. ¶¶ 5-6.) Plaintiff alleges that servicing of the mortgage was subsequently transferred to plaintiff and in 2012, Ms. Rosen paid the amounts due on the note, entitling her to a discharge of the mortgage. (Pl.'s Compl. ¶¶ 7-8.) Plaintiff then discovered that it had not received an assignment of the mortgage and thus could not record the discharge. (Pl.'s Compl. ¶ 9.) By this time, Metro Mortgage Co., Inc. had dissolved. (Pl.'s Compl. ¶ 10.)

## Discussion

The court is uncertain whether service was properly effectuated in this case despite the return of service filed with the court. Plaintiff purports that it served defendant by

delivering a copy of the summons and complaint to defendant's registered agent, Ms. Rosen.[1] See Affidavit; M.R. Civ. P. 4(d)(9). Aside from Ms. Rosen's claims that she was never defendant's agent, the return of service filed with the court is irregular on its face. The return provides that Ms. Rosen was served at 2211 Congress Street in Portland and is "a person of suitable age and discretion who was then residing at Defendant's usual residence."[2]

First, Ms. Rosen is not a person "then residing at Defendant's usual residence." Defendant is a dissolved corporation. Second, 2211 Congress Street is not the address for a residence.[3] See M.R. Evid. 201(b) & (c). Although generally a return of service of process by an officer is "accorded a presumption of regularity," the irregularities on the face of the return of service make it unclear whether service was sufficient to notify defendant of the action pending against it. See TD Banknorth, N.A. v. Hawkins, 2010 ME 104, ¶ 11, 5 A.3d 1042 (citing Foley v. Adams, 638 A.2d 718, 720 (Me. 1994)).

Second, it appears plaintiff has failed to join multiple necessary parties to its action. In a declaratory judgment action, "all persons shall be made parties who have or claim any interest which would be affected by the declaration." 14 M.R.S. § 5963; see also M.R. Civ.P. 19(a). Certainly Ms. Rosen has an interest that would be affected by a

---

1 Ms. Rosen filed a letter with the court after being served. In the letter, she alleges she was never defendant's agent and her only connection with defendant was the mortgage transaction at issue in this case. (Rosen Letter dated 10/7/14.)

2 The return of service filed with the court provides an opportunity for the individual effectuating service to state the individual served was an agent of the defendant.

3 2211 Congress St. in Portland, Maine is the address for UNUM.

2

declaration that plaintiff owns the mortgage, as would the subsequent purchasers of the property subject to the mortgage from Rosen.[4]

Third, the Maine Business Corporations Act provides a limitation on liability for a dissolved corporation after a certain period of time. See 13-C M.R.S. § 1408 (2014). If the dissolved corporation has liquidated or distributed its assets, a plaintiff may collect from shareholders of the corporation only to the extent of the assets distributed to the shareholders. 13-C M.R.S. § 1408(4). To the extent plaintiff's action seeks a declaration that affects an asset disposed of in defendant's dissolution, plaintiff must join any shareholders who might ultimately be divested of that asset. See 13-C M.R.S. § 1408; 14 M.R.S. § 5963; M.R. Civ. P. 19(a).

Conclusion

The return of service does not demonstrate that defendant received notice of the action. See Hawkins, 2010 ME 104, ¶ 16, 5 A.3d 1042 ("Effective 'service ensures the integrity of the commencement of litigation.'") If defendant has not received notice of the action against it, defendant cannot be expected to "plead or otherwise defend as provided by" the Rules of Civil Procedure. See M.R. Civ. P. 55(a). Additionally, other parties may be necessary in this action. See 14 M.R.S. § 5963; M.R. Civ. 19(a).

The entry is

Plaintiff's Request for Default and Default Judgment is DENIED.

Dated: January 29, 2015

Nancy Mills
Justice, Superior Court

---

4 In her letter to the court, Ms. Rosen states she sold the property encumbered by the mortgage to a third party. Plaintiff has been unable to record the discharge of the mortgage. Depending on the covenants in the deed between Ms. Rosen and the third party buyers, she may be subject to liability for the failure to convey a marketable title. Accordingly, the interests of both Ms. Rosen and the third party buyers could be affected by this litigation.

3

ERK OF COURTS
umberland County
bury Street, Ground Floor
ortland, ME 04101

*Eric Wycoff*

~~MARK PORAD~~A ESQ
PIERCE ATWOOD
MERRILLS WHARF
245 COMMERCIAL ST
PORTLAND ME 04101