STATE OF MAINE                                      SUPERIOR COURT
YORK, ss.                                           CIVIL ACTION
                                                    DOCKET NO.: RE-16-15

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

        Plaintiff,

    v.                                              **ORDER**

SOV APEX, LLC, and

PAUL BURKE and
HANNAH BURKE,

        Defendants.

## I.    Background

Plaintiff Federal National Mortgage Association ("FNMA") brings this action against defendants SOV Apex, LLC ("SOV"), successor by merger to SIB Mortgage Corp., and Paul J. Burke and Hannah Z. Burke ("the Burkes") in an attempt to cure a *Greenleaf* standing defect. *See Bank of Am., N.A. v. Greenleaf,* 2014 ME 89, 96 A.3d 700.

### a.  Procedural History

On January 24, 2016, FNMA filed a complaint against defendants seeking a declaration that FNMA has standing to enforce a promissory note through foreclosure of a mortgage.[1] The Burkes were both served in hand on February 1, 2016. They filed an answer on February 10, 2016. SOV was served on March 4, 2016. It did not file an answer. On June 15, 2016, FNMA moved for default judgment against SOV pursuant to M.R. Civ. P. 55(b)(2). SOV did not oppose the motion. However, the Burkes filed an objection to the motion for default judgment against SOV on July 5, 2016. FNMA timely replied to the objection, and the Burkes filed a second

---

[1] It appears there has been two prior unsuccessful attempts to foreclose this mortgage.

objection on July 25, 2016. FNMA moved to strike the Burkes' second objection under M.R. Civ. P. 7 and 12(f). The Burkes do not oppose the motion to strike.

On September 9, 2016, FNMA filed motion for leave to amend its complaint. The motion discusses at length FNMA's theory that the court has the power under its equitable jurisdiction to compel an assignment of the mortgage to FNMA as the present holder of the note. On September 29, 2016, the Burkes filed an opposition to the motion. FNMA timely replied to the opposition.

The court held a hearing on the motion for default judgment, the motion to strike, and the motion for leave to amend the complaint on November 2, 2016.[2]

### b. Facts

The Burkes executed and delivered a promissory note in the amount of $228,000 to SIB Mortgage Corp. on July 18, 2003. (Compl. ¶ 6.) The Burkes signed a mortgage on the property located at 493 Main Street, Eliot, ME 03903 to secure the debt. (Compl. ¶ 7.) The mortgage named SIB Mortgage Corp. as the "lender" and Mortgage Electronic Registration System, Inc. ("MERS") as the "nominee" of the lender. (*Id.* (Ex. B at 2).) SOV Apex, LLC is the successor by merger to SIB Mortgage Corp. (Compl. ¶ 9 (Ex. D).)

FNMA alleges SIB Mortgage Corp. intended MERS to "have all rights as mortgagee including the right to transfer all interest in the Mortgage to a subsequent holder of the Note." (Compl. ¶ 11.) MERS purported to assign the mortgage deed to JPMorgan Chase Bank, N.A. by assignment recorded on November 13, 2012.[3] (Compl. ¶ 8 (Ex. C).) JPMorgan Chase Bank, N.A. subsequently purported to assign the mortgage deed to FNMA by assignment recorded on May 6, 2014. (*Id.*)

---

[2] After the hearing on the motions and before the issuance of this order, the Burkes filed a motion to dismiss with prejudice to which FNMA timely objected. That motion will be scheduled for a future hearing date.

[3] MERS and JPMorgan Chase Bank, N.A. have not been named in this action.

2

## II. Discussion

### a. Motion to Amend Complaint

After a responsive pleading has been filed "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." M.R. Civ. P. 15(a). The court has discretion to allow for amendment of a pleading. *Holden v. Weinschenk*, 1998 ME 185, ¶ 6, 715 A.2d 915. "If the moving party is not acting in bad faith or for delay, the motion will be granted in the absence of undue prejudice to the opponent." *Id.* (quoting 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.4 (2d ed. 1970)).

The Burkes argue the motion to amend is in bad faith and prejudicial. (Burke Obj. Mot. Amend ¶¶ 1, 3.) They do not allege any facts in support of their claim that the motion was filed in bad faith. In support of their argument that the amendment would prejudice them, the Burkes state that "it represents, in essence, the **fifth** complaint pursuant to the foreclosure of the Burke's subject property." (Burke Obj. Mot. Amend ¶ 4 (emphasis in original).) They further allege as follows:

> As a matter of record, two previous complaints for foreclosure of the subject property were commenced by plaintiff's apparent predecessor, JP Morgan Chase Bank, NA beginning in 2013 (the second of which was subject to an amended complaint in June of 2015) against the defendants with respect to the same property, the same mortgage, and the same circumstances. Now, after a fourth attempt to file a legitimate complaint, the Plaintiff's are looking for yet "another bite at the apple" having failed at their four previous attempts to put together a viable complaint.

(Burke Obj. Mot. Amend ¶ 4.) While the court is sympathetic to the Burkes' frustration with the prolonged litigation related to the mortgage on their home, this case is not a foreclosure action

3

and the motion to amend is considered solely within the context of this case.[4]

The complaint seeks a declaration that FNMA owns the mortgage. The proposed amended complaint includes an additional count seeking an order that would assign any interest SOV holds in the mortgage to FNMA based upon the theory that FNMA is the equitable owner of the mortgage.[5] FNMA admits this action is an attempt to address a *Greenleaf* standing defect that prevents it from seeking foreclosure, but if this case ultimately is resolved in favor of FNMA that would not directly result in foreclosure of the mortgage.

The Burkes must demonstrate more than an increased likelihood of defeat in the litigation to prove undue prejudice. *Kelly v. Michaud's Ins. Agency*, 651 A.2d 345, 347 (Me. 1994) (quoting 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.4 at 304 (2d ed. 1970)). The court finds FNMA is not acting in bad faith or for delay and the proposed amendment to the complaint will not unduly prejudice defendants. FNMA is granted leave to amend the complaint as proposed.

### b. Motion for Default Judgment

"[W]hen a complaint is amended, the original complaint is considered to be wholly replaced by the amended version." *TD Banknorth, N.A. v. Hawkins*, 2010 ME 104, ¶ 19, 5 A.3d 1042. As a result, "any default on the initial complaint, even as to claims unaltered by the amendment, must be set aside and the defendant be given an opportunity to respond to the amended complaint according to the terms of M.R. Civ. P. 12." *Id.* ¶ 22. The request for default

---

[4] The Burkes' claim that the doctrine of res judicata and/or collateral estoppel bars the amended complaint is misplaced. The doctrine of res judicata applies only when there has a valid final judgment rendered between parties of their privies on the same cause of action. *Beegan v. Schmidt*, 451 A.2d 642, 644 (Me. 1982). Similarly, collateral estoppel only applies when an issue has been actually litigated and decided in an earlier case. *Id.*

[5] The Burkes assert in their opposition that the new count is contingent on the court granting the original claim declaratory judgment. The court disagrees with their assertion. The declaratory judgment claim is based on the intention of the original lender and the mortgage, while the count added in the proposed amended complaint sounds in equity.

judgment is now moot.[6]

### III. Conclusion

For the reasons stated above, Plaintiff Federal National Mortgage Association is entitled to amend its complaint and such amendment renders the motion for default judgment moot.

The clerk shall make the following entry on the docket:

1. Plaintiff Federal National Mortgage Association's motion to strike Defendants Paul J. Burke and Hannah Z. Burke's second opposition to Plaintiff's motion for default judgment filed on July 25, 2016 is hereby **GRANTED**.

2. Plaintiff Federal National Mortgage Association's motion to amend its complaint to add a claim against the Defendant SOV Apex, LLC seeking an assignment of the mortgage, as included in the amended complaint filed on September 9, 2016, is hereby **GRANTED**.

3. Pursuant to M.R. Civ. P. 6(c) and 12(a), Defendants Paul J. Burke, Hannah Z. Burke, and SOV Apex, LLC shall files responses to the amended complaint within **23 days** of the date of this order.

4. Plaintiff Federal National Mortgage Association's motion for default judgment against Defendant SOV Apex, LLC is hereby DENIED as moot.

SO ORDERED.

Dated: January 27, 2017

_____
Hon. John O'Neil, Jr.
Justice, Superior Court

**ENTERED ON THE DOCKET ON:** 2/1/17

---

[6] For the purposes of efficiency, the court notes that it is likely to exercise its ability pursuant to M.R. Civ. P. 55(b)(2) to hold a hearing to "establish the truth of any averments by evidence" should plaintiff move in the future for default judgment if any of the defendants fail to respond to the amended complaint.

5

**ALFSC-RE-2015-0015**

**ATTORNEY(S) FOR PLAINTIFF:**

CARRIE FOLSOM, ESQ.
JAMES GARNET, ESQ.
1080 MAIN STREET
PAWTUCKET  RI  02860

**PRO SE DEFENDANTS:**

SOV APEX, LLC
CSC ENTITY SERVICES LLC
2721 CENTERVILLE RD., SUITE 400
WILMINGTON  DE  19803

PAUL & HANNAH BURKE
493 MAIN STREET
ELIOT  ME  03903