STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-150

JEFFREY BEARCE, et al.,

        Plaintiffs

v.

        ORDER

VERMONT MUTUAL INSURANCE
CO., et al.

        Defendants

In this case defendant JFC Northeast LLC was served on May 25, 2018. JFC did not answer, and a default against JFC was entered on July 25, 2018.

On November 26, 2018 plaintiffs Jeffrey and Jill Bearce filed an unopposed motion for leave to file an amended complaint. That motion was granted.

On May 7, 2021 JFC Northeast LLC filed an answer to the amended complaint. The Bearces moved to strike that answer as untimely and asked that a default be entered. JFC Northeast opposed that motion and also moved for leave to file a late answer.

This is a case where JFC escapes a default based on the Law Court's decision in *T.D. Banknorth N.A. v. Hawkins*, 2010 ME 104, 5 A.3d 1042. The *Hawkins* case holds that when a complaint is amended, any default on the initial complaint – even as to claims unaltered by the amendment – must be set aside and the defendant must be given an opportunity to respond to the initial complaint. 2010 ME 104 ¶ 22. This means that the initial default is of no use to the Bearces.

The file does not contain any return of service showing that the amended complaint was served on JFC Northeast. The Bearces argues that the complaint was served on JFC Northeast

because the amended complaint was served on the attorney for Brian Kearney, the principal and owner of JFC Northeast. However, Brian Kearney has been separately named in his individual capacity as a defendant in this action, and service on the attorney representing Kearney in his individual capacity pursuant to Rule 5 therefore does not constitute service on JFC Northeast.

Accordingly, JFC Northeast was entitled to service of the amended complaint pursuant to Rule 4 and cannot be defaulted because its answer – although woefully late in practical terms – was not due. JFC Northeast has now answered and did not raise any defense based on improper service so it does not now need to be served.

The court therefore does not need to act on JFC Northeast's motion for leave to file a late answer. It would note that if it needed to reach that motion and if JFC Northeast had been served with the amended complaint, JFC Northeast's motion fails to demonstrate any excusable neglect or any other cognizable excuse for its failure to respond for more than two years.

It may be that JFC Northeast deserves to be defaulted, but the dictates of *Hawkins* and M.R.Civ.P. 4 lead to a contrary result.

The entry shall be:

Plaintiffs' motion to strike the answer of defendant JFC Northeast LLC is denied. For the reasons set forth above, JFC Northeast's motion for leave to file a late answer is moot. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September 7, 2021

Thomas D. Warren
Justice, Superior Court

Plaintiffs–Jeffrey Bennett, Esq.
Vermont Mutual and Colonial Adj–James Poliquin, Esq.
JFC Northeast–Frederick Moore, Esq.
Joseph Curran–Joseph Cahoon, Esq.
Briand Kearney–Zachary Brandwein, Esq.

2